IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAS ADISA GAMBA OLUWA,<br><br>Plaintiff,<br><br>v.<br><br>R.G. BLIESNER, et al.,<br><br>Defendants.<br>_____ | No. C 06-1658 MMC (PR)<br><br>**ORDER OF DISMISSAL** |

On March 2, 2006, plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983, challenging the conditions of his incarceration. On July 17, 2006, in its Order to Show Cause Re Dismissal Pursuant to 28 U.S.C. § 1915(g) (hereinafter "Order to Show Cause"), the Court found plaintiff had "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," and further found plaintiff was not "under imminent danger of serious physical injury." See 28 U.S.C. § 1915(g). Consequently, the Court ordered plaintiff to show cause why the action should not be dismissed pursuant to 28 U.S.C. § 1915(g). See Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).

On August 3, 2006, plaintiff filed a document titled "Why This Action Should Not Be Dismissed Pursuant to 28 U.S.C. § 1915(g)," (Docket No. 5), wherein plaintiff contests the Court's finding that he is not "under imminent danger of serious physical injury" within the meaning of § 1915(g). In its Order to Show Cause, the Court explained the basis of the Court's finding that defendants' refusal to provide plaintiff with a diet conforming to the

requirements of his Rastafarian religion does not put him at risk of "imminent danger of serious physical injury." (See Order to Show Cause, July 17, 2006, at 3:18-4:11.) Plaintiff offers no new facts that would call into question the correctness of the Court's determination, nor does he present any other basis to support a finding that he is under "imminent danger of serious physical injury."

On August 14, 2006, plaintiff filed a document titled "Brief Statement Under 28 U.S.C. § 1915(g)" (Docket No. 6), wherein plaintiff contests the Court's finding that he has three or more qualifying dismissals under § 1915(g). Specifically, he argues the Court should not have found the dismissal of Oluwa v. Harrison, No. 01-0973 MMC (PR), was a qualifying dismissal, because, he asserts, the case was dismissed erroneously on the ground the complaint failed to state a cognizable claim for relief. Plaintiff does not disagree with the proposition that a case dismissed for "failure to state a cognizable claim for relief" is a qualifying dismissal under § 1915(g). See Andrews, 398 F.3d at 1117 n.3, 1121 (finding dismissal "for failure to state a claim" constitutes qualifying dismissal under § 1915(g)). Rather, he attempts to revisit the propriety of the prior dismissal, arguing the case was improperly dismissed on the stated ground. While such argument might be considered on an appeal of the dismissal, plaintiff cites no authority, and the Court is aware of none, that requires a district court to revisit the merits of a prior dismissal where the only question before the court is whether the dismissal, on the grounds stated, is a qualifying dismissal under § 1915(g).

In his August 14, 2006 filing, plaintiff further argues that § 1915(g) is unconstitutional. The Ninth Circuit has rejected plaintiff's argument, and found § 1915(g) passes constitutional muster. See Rodriguez v. Cook, 169 F.3d 1176, 1180-82 (9th Cir. 1999) (holding § 1915(g) does not violate due process, equal protection, Ex Post Facto Clause or separation of powers).

In sum, plaintiff was given the opportunity to be heard on the question of whether the instant action is subject to dismissal under § 1915(g), see Andrews, 398 F.3d at 1120-21, and his responses to the Court's Order to Show Cause fail to establish that § 1915(g) does not

2

apply.

Accordingly, the above-titled action is hereby DISMISSED without prejudice to plaintiff's refiling his claims in a new case in which plaintiff pays the filing fee, and the First Amended Complaint, filed February 26, 2007 (Docket No. 9), is hereby STRICKEN.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: August 27, 2007

_____
MAXINE M. CHESNEY
United States District Judge